STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1306


WILEY C. SHARBINO

VERSUS

COOKE FAMILY ENTERPRISES, LLC, ET AL.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 229,151
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters and Marc T. Amy, Judges.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.


Stephen E. Everett
823 Johnston Street
Alexandria, LA   71301
(318) 443-6312
COUNSEL FOR PLAINTIFF/APPELLANT:
      Wiley C. Sharbino

Carroll Devillier, Jr.
Breazeale, Sachse & Wilson
Post Office Box 3197
Baton Rouge, LA   70821-3197
(225) 387-4000
COUNSEL FOR DEFENDANT/APPELLEE:
      Cooke Family Enterprises, LLC

AMY, Judge.

The plaintiff filed a suit for rescission of the sale of a motorcycle which he purchased from the defendant. The defendant filed a motion for summary judgment alleging that it should be dismissed as the sale was rescinded prior to the filing of suit. The trial court entered summary judgment in favor of the defendant and awarded attorney fees. The plaintiff appeals. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

## Factual and Procedural Background

On February 5, 2007, the plaintiff, Wiley Sharbino, purchased a 2003 Harley Davidson motorcycle from the defendant, Cooke Family Enterprises, L.L.C., d/b/a Renegade Harley-Davidson. He filed this matter on September 10, 2007, alleging that within two days of purchase, the motorcycle sustained a broken drive belt. He contended that, upon return to the dealership, he was informed that "the drive sprockets on the transmission and the rear wheel of the motorcycle were mismatched, causing the drive belt to break." He stated that the condition could not be remedied without changing the appearance of the motorcycle and that he would not have purchased the motorcycle had he known of this condition. He alleged that the dealership knew of the condition prior to the sale and that it was in bad faith in the sale. Thus, the plaintiff asserted that he was entitled to the sales price plus interest, reasonable expenses related to the sale and preservation of the motorcycle, and attorney fees.

In its answer, the defendant acknowledged that the plaintiff purchased the motorcycle, but denied, among other things, that its employees acted in bad faith. The defendant further asserted that the petition failed to allege a cause of action as it had previously "rescinded the sale, paid all amounts outstanding on the purchase

price of the Motorcycle, and satisfied all liens against the Motorcycle." The defendant contended that the plaintiff could not have suffered pecuniary damages, as he had not made payments on the motorcycle, and that he did not suffer non-pecuniary damages.

Thereafter, on July 8, 2008, the defendant filed a motion for summary judgment, which it supplemented with the affidavit of Eddy F. Soberon, the defendant's co-owner and dealer/operator. Included in his statements are details of the sale of the motorcycle, as well as the rescission of the sale and the defendant's satisfaction of the related lien. The record contains no opposition filed by the plaintiff. The minutes and transcript reflect that neither the plaintiff nor his counsel was present at the motion for summary judgment hearing conducted on August 25, 2008. Following the hearing, the trial court entered judgment in favor of the defendant, dismissing the plaintiff's petition and, upon oral motion of the defendant's attorney, awarded $1,000.00 in attorney fees as well as court costs.

The plaintiff appeals, questioning both the entry of summary judgment and the imposition of attorney fees.

**Discussion**

The plaintiff contends that summary judgment was inappropriate and that he did not assert an opposition as there was "no discovery in this case." He also argues that the defendant's submission was without "references to the critical issue of knowledge of defects prior to the sale, determinative of Plaintiff's claimed right to relief under Civil Code Article 2545." He also asserts that the "mover never carried its burden by negating by affidavit or other proof glaringly obvious issues of material fact, the burden therefore never shifted to Plaintiff, and the Motion for Summary

2

Judgment should not have been granted." The plaintiff's argument fails in various respects.

Louisiana Code of Civil Procedure Article 966(B) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter or law." With regard to burden of proof, Article 966(C)(2) provides that:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

This article indicates that, since it was the plaintiff who had the burden of proving all aspects of his claim at trial, the defendant was only required to point out an absence of factual support for "one or more elements essential to the adverse party's claim[.]" *Id.* Thereafter, the plaintiff was required to establish that he would be able to meet his evidentiary burden of proof. The plaintiff failed to do so.

Louisiana Civil Code Article 2520 instructs, in part, that:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.

> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.

3

A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price.

The plaintiff's suit was for rescission of the sale, and, due to his allegation of bad faith on the part of the defendant, he sought recovery under La.Civ.Code art. 2545, which provides:

A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it may have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.

A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

The defendant produced evidence indicating that the plaintiff would be unable to establish the merits of his claim and further evidence indicating that no damages were owed. Particularly, Mr. Soberon's affidavit provided that, when the plaintiff rejected the possible repair to the motorcycle, the defendant agreed to rescind the sale. The defendant tendered the full "pay-off balance" on the motorcycle, which included interest since the plaintiff had not made any payments after the purchase. This arrangement was further evidenced by a letter from Harley-Davidson Credit indicating that the loan had been paid in full and a Lien Satisfaction form issued by Eaglemark Savings Bank, the title holder. As for the plaintiff's contention that he was owed additional damages because the loan balance did not include his down payment, Mr. Soberon's affidavit indicated that he and other employees "repeatedly asked Mr. Sharbino to come retrieve his pistol and Mr. Sharbino refused. Mr. Sharbino maintained he wanted $1,500 instead. He told Mr. Sharbino that Sharbino

was not entitled to a refund of anything other than what his actual down payment was, which was the pistol." Finally, he stated that the "pistol is in safe keeping at Renegade Harley and Sharbino is free to retrieve it at any time."

Despite this evidence, the plaintiff offered no opposing evidence indicating that he would be able to satisfy his evidentiary burden of proof at trial as is required by La.Code Civ.P. art. 966(C)(2). While the plaintiff argues that the defendant failed to introduce evidence of its good faith, he was the party required to come forward with evidence of bad faith pursuant to Article 966(C)(2) as he would have been required to do at trial. The mere allegation of bad faith in his petition was insufficient. Finally, it bears mentioning that the plaintiff has not demonstrated his entitlement to *any* damages. Rather, the record is silent on this point. In light of the fact that the sale had been rescinded prior to the filing of suit, the entirety of the loan and finance charges were paid by the defendant, and the plaintiff had the motorcycle in his possession for only a few days, it is unclear what damages could have been incurred.

Nor is there merit to the plaintiff's assertion that summary judgment was inappropriate as there had been no discovery in this case. The plaintiff filed the petition in this case on September 10, 2007, whereas the defendant did not file the motion for summary judgment until ten months later, on July 15, 2008. The record contains no indication that the plaintiff instituted discovery during that time, although the matter initially had a trial date of August 19, 2008 according to the parties' joint motion to continue trial. The plaintiff did not apprise the trial court of any need for additional time to respond to the motion for summary judgment as is provided by La.Code Civ.P. art. 966(B), which provides: "For good cause the court shall give the adverse party additional time to file a response, including opposing affidavits or

5

depositions." In short, there was no request or showing of good cause for additional time.

For these reasons, the trial court correctly entered summary judgment in favor of the defendant, dismissing the plaintiff's petition.

*Attorney Fees*

The plaintiff also contests the trial court's award of $1,000 in attorney fees to the defendant. While defense counsel orally moved for attorney fees at the summary judgment hearing, the record does not definitively indicate on what basis the request was made or on what basis the trial court made the award. In its brief, defense counsel suggests that attorney fees were appropriate under La.Code Civ.P. art. 863, which provides:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

> . . . .

> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

6

   E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

Even if the trial court found attorney fees appropriate under this article, the imposition of such a sanction is appropriate after a "hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sentence." As the plaintiff's counsel did not attend the summary judgment hearing and the request for attorney fees was made at that hearing, no evidentiary hearing has yet been held on the sanctions issue. Moreover, Article 863(D) requires a designation by the trial court as to whether the sanction is "impose[d] upon the person who made the certification or the represented party, or both[.]" Accordingly, we reverse the imposition of attorney fees and remand this matter for notice and a hearing in accordance with La.Code Civ.P. art. 863.

*Frivolous Appeal*

The defendant asserts in its brief to this court that damages should be awarded for the filing of a frivolous appeal under La.Code Civ.P. art. 2164. In light of the order of remand, we do not make an award under Article 2164.

**DECREE**

For the foregoing reasons, the summary judgment is affirmed insofar as it dismissed the plaintiff's Petition for Rescission of Sale and for Damages with prejudice and awarded court costs. The judgment is reversed insofar as it ordered the payment of attorney fees. This matter is remanded for a hearing on the issue of whether sanctions are appropriate pursuant to La.Code Civ.P. art. 863. All costs of these proceedings are assessed to the appellant, Wiley C. Sharbino.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

7